IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHARLES EICKLEBERRY,

           Plaintiff,

   v.

UNITED STATES OF AMERICA,

           Defendant.

HON. JEROME B. SIMANDLE

Civil No. 09-1048 (JBS/AMD)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

    This Federal Tort Claims Act case is before the Court on Plaintiff's motion for reconsideration [Docket Item 19], filed March 22, 2001, of this Court's Order of February 9, 2011 that dismissed the case because venue was not proper in this judicial district.  The Court finds as follows:

    1.  Plaintiff, Charles Eickleberry, initially brought this suit while he was in custody in New Jersey on March 6, 2009, complaining of conduct that occurred in a federal prison in Marion, Illinois after he was injured in an assault on November 29, 2007.  Compl. ¶¶ 6-22.  Plaintiff, who has proceeded without an attorney throughout the course of this action, sought to file in forma pauperis, but the Court ruled that he was ineligible to proceed without paying his filing fee because of his prior frivolous litigation.  [Docket Item 3.]  Plaintiff then paid the filing fee, and the case was reopened on July 9, 2009.  [Docket Items 4 & 6.]

2. After the case was reopened, Defendant moved to dismiss the case for improper venue, or to have the case transferred, since New Jersey is neither Plaintiff's residence nor the location where the events complained of occurred. [Docket Item 16.] See 28 U.S.C. § 1402(b) (setting for venue rules for FTCA actions).

3. In response to Defendant's motion, Plaintiff agreed that the case was not properly brought in New Jersey. Without further argument, Plaintiff requested that the case be transferred to the Eastern District of Missouri (his pre-incarceration domicile) or the Southern District of Illinois (where the events occurred), without selecting a preferred venue. [Docket Item 17.] See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

4. Because Plaintiff did not urge transfer to a particular venue, and because Plaintiff incidentally indicated in his filing that his medical care or lack thereof may be ongoing and have occurred at more than one facility, the Court elected to dismiss the action as improperly filed in this venue without selecting a new venue on behalf of Plaintiff to which to transfer the action. [Docket Item 18.] As Plaintiff raised no arguments as to the

propriety of transfer over dismissal, the Court found the interests of justice weighed in favor of dismissal so that Plaintiff could choose his preferred venue and he could refile his case accordingly.

5. Plaintiff now seeks reconsideration of that Order, arguing that transfer and not dismissal was in the interests of justice, and suggesting that he may be time-barred from bringing a new action in Missouri or Illinois.

6. Defendant, without addressing the merits of the motion, correctly observes that the motion for reconsideration was not timely filed, as it was filed nearly a month after the 14-day deadline set forth in Local Civil Rule 7.1(i). This motion had to be filed no later than February 23, 2011, but it was not filed until March 22, 2011. In response, Plaintiff vaguely refers to possible delays because of prison mail without stating that he in fact mailed the motion at the proper time. Plaintiff's certificate of service of this reconsideration motion, signed by Mr. Eickleberry, bears the date February 25, 2011 as the date he mailed this to the U.S. Attorney's Office. [Docket Item 19 at 4.] AUSA Pascal affirmed under penalty of perjury that her office did not receive this motion until almost a month later, on March 22, 2011. [Docket Item 20 at 2.] March 22, 2011 is also the same date this Court's Clerk's Office received this mailing, as reflected on the first page of the motion, and upon the filed

copy of the actual envelope containing the motion. [Docket Item 19 at 5.] That envelope bears a somewhat illegible postmark from Rochester, MN, where Plaintiff was then confined,[1] upon which the postmark date appears to be "Mar. 17, 2011." All of these dates lie beyond the February 23, 2011 deadline for serving and filing the motion for reconsideration.

7. Plaintiff's motion must be denied as untimely. The motion is nearly one month late without any concrete explanation for its delay. Even if the Court were permitted to reach the merits, the motion would have to be denied because it does not show an intervening change in the controlling law, the availability of new evidence, or show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). Plaintiff did not present to the Court any relevant factual matters or decisions of law in his opposition to dismissal, and he conceded that venue was improper in the District of New Jersey. He also never raised the prospect that his action might be time-barred if refiled rather than transferred and the Court did not "overlook"

---

[1] Plaintiff was subsequently transferred to a residential re-entry facility at Triangle Center in Springfield, Illinois on July 5, 2011. See Letter of AUSA Pascal, dated July 6, 2011, and attachment thereto. [Docket Item 25.]

the argument that was not raised.

    8. Because this motion is both procedurally improper and without substantive merit, it will be denied. The accompanying Order will be entered.

| | |
|---|---|
| **August 4, 2011** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | United States District Judge |